WILLIS M. HAND et ux., complainants and respondents,

*v.*

HENRY J. HAND et al., defendants and appellants.

[Filed June 20th, 1900.]

1. A devisee under a will is not required to make an equitable election before demanding his right as heir to lands of which the testator died intestate, where the will does not show that it was the intention of the decedent to preclude such heir from making such claim.

2. A defendant who has failed to file his pleadings within the time required by law and the rules and practice of the court of chancery, and a decree *pro confesso* has been entered, cannot, under a permission to answer, file a demurrer to the bill of complaint.

On appeal from an order advised by Vice-Chancellor Grey, striking out parts of an answer to a bill for partition, in which no opinion or reasons were filed.

*Mr. Samuel H. Richards,* for the appellants.

*Mr. Lewis Starr,* for the respondents.

The opinion of the court was delivered by

VOORHEES, J.

James C. Hand, a resident of Philadelphia, died seized of three several tracts of land situate in Cape May City, New Jersey, leaving a last will in writing, signed by himself, but without subscribing witnesses. Two executors were named in this will, and a power of sale was therein set forth, directing the executors to sell any and all his real estate, except a house and lot in Philadelphia. The will also gave to the executors the sum of $20,000 in trust for the benefit of the complainant Willis M. Hand. This will was duly proved in the city of Philadelphia,

and an exemplified copy thereof filed and recorded in the office of the surrogate of Cape May county.  One of the executors having died, Henry J. Hand, as surviving executor, in order to settle the estate, undertook to convey the premises at Cape May under the power of sale set forth in the will.  Such conveyance was made, and at the time of filing the bill of partition, one Whitney claimed to be seized of lots numbers 2 and 3, and Hughes and Reeves of lot number 1, as grantees of the surviving executor.  A mortgage of $2,000 had been executed by said grantees to one Garretson upon lot number 1.  The above facts are set forth in the bill of complaint with an allegation that the will was not executed with the formalities required to pass real estate, or give dominion over the same in New Jersey; that the decedent died intestate as to the lots at Cape May; that the same descended to and vested in Henry J. Hand, Willis M. Hand and Mary L. Wilkins, his only children and heirs-at-law, in equal shares as tenants in common in fee, and that the surviving executor conveyed no further or greater estate in said lands than that which vested in him as one of the heirs-at-law of James C. Hand.

The defendants failed to put in any defence to this bill within the time allowed by law and the rules and practice of the court of chancery, and a decree *pro confesso* was duly entered against them.  They afterwards applied to the court for leave to answer the bill, and upon such application the following order was made:

"That the decree *pro confesso* be opened to the extent of allowing the defendants Whitney, Reeves, Hughes and Garretson to file answers in said cause on or before the fifth day of January, instant, with the privilege to the complainant, without further notice, to move to strike out any or all such answers on the eighth of January, instant," &c.

Under this permission, certain of the defendant grantees joined in an answer to the complainant's bill wherein, after admitting the principal allegations of the bill, they insisted that the complainant could not invoke the equitable powers of the court unless he should first make compensation to the said defendants to the extent of the value or interest of which they

would be deprived if the complainant secured the relief prayed for; that the complainant being the beneficiary of the trust fund created by said will, a part of which fund they claimed had come from the proceeds of the attempted sale of said lands, he should be required to make an equitable election whether to take under the trust, or to abandon the same and take as heir in these lands.

And further, that the bill was multifarious in that the defendants did not have the same interest in each of the tracts of land, and claimed the same benefit of such defence as if they had demurred to the bill.

The order allowing the defendants to answer after a decree *pro confesso* had been entered, gave the complainant the right to object to the whole or any part of such answer. Under this the complainant's solicitor applied to the court, and, after argument in the presence of the solicitor of the defendants, the following order was made: "That all those portions of the answer which in any way refer to or are founded upon the claim of legal or equitable rights of or in the answering defendants under the power of sale conferred upon the executor of James C. Hand, deceased, in the latter's will, to wit, all of the paragraphs numbers three, nine, ten and fourteen, and parts of paragraphs numbers four, six and thirteen, be and the same are hereby struck from said answer, with costs."

From this order an appeal has been taken to this court.

Two question are raised—is the complainant required to make an equitable election, and should the defendants be entitled to a demurrer?

The complainant is not required to make an equitable election. Nothing in the testator's will shows that he intended to preclude his son, the complainant below, from sharing as an heir to the lands in dispute, although the will may have been valid in Pennsylvania, it was not so executed as to pass title or confer power over real estate here. Lord Chancellor Hardwicke, in 1749, laid down this rule in *Hearle* v. *Greenbank, 1 Ves. Sr. 299,* and it has been followed continuously ever since. Lord Eldon spoke of this principle as being long settled in *Sheldon* v. *Goodrich, 8 Ves. Sr. 482,* and said: "It was better the law

Hand v. Hand.

should be certain than that every judge should speculate upon improvements in it." In our own courts this rule was decided by Chancellor Green in *Kearney* v. *Macomb, 1 C. E. Gr. 189; Pratt* v. *Douglass, 11 Stew. Eq. 516.*

The defendants were not entitled to the benefits of a demurrer. They had failed to file any defence within the time allowed by law and the practice of the court. A decree *pro confesso* had been entered, and they were only allowed to come in by permission of the court. This permission extended only to answering the bill. They were, therefore, limited to the defences mentioned in such permission, and could put in no further or other defence without the further order and permission of the court.

The order of the court of chancery appealed from should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES—13.

*For reversal*—None.